Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
David J. McGlothlin, Esq. (SBN: 253265)
david@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92105
(619) 233-7770
(619) 297-1022

Attorneys for Plaintiff
Gregory Conner and Gayle Chambers

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| Gregory Conner and Gayle Chambers | Case No: _____ |
|---|---|
| Plaintiffs, | **Complaint For Damages** |
| v. | **Jury Trial Demanded** |
| Pro Solutions | |
| Defendant. | |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Gregory Conner and Gayle Chambers, (Plaintiffs), through Plaintiffs' attorneys, bring this action to challenge the actions of Pro Solutions, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damage.

4. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiffs allege on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

10. Because Defendant does business within the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391.

12. At all times relevant, Defendant conducted business within the State of California.

## PARTIES

13. Plaintiffs are natural persons who reside in the City of Pittsburg, State of California.

14. Defendant is located in the City of Pittsburg, in the State of California.

15. Plaintiffs are obligated or allegedly obligated to pay a debt, and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

16. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

17. Plaintiffs are natural persons from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiffs, and are "debtors" as that term is defined by California Civil Code § 1788.2(h).

18. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

19. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

20. Sometime before March 2, 2011, Plaintiffs are alleged to have incurred certain financial obligations.

21. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

22. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

23. Sometime thereafter, but before March 2, 2011, Plaintiffs allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiffs currently disputes the validity of this alleged debt.

24. Subsequently, but before March 2, 2011, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

25. On or about March 4, 2011, Defendant sent Plaintiffs a dunning letter in an attempt to collect the alleged debt.

26. This communication to Plaintiffs was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

27. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

28. Defendant failed within five days after its initial communication with Plaintiffs, to provide written notification containing a statement that unless Plaintiffs, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendant would assume the debt was valid, or failed within five days after its initial communication with Plaintiffs to provide a written notice containing a statement that if Plaintiffs notified Defendant in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendant would obtain verification of the debt or a copy of a judgment against Plaintiffs and a copy of such verification or judgment would be mailed to Plaintiffs by Defendant and that Defendant would provide Plaintiffs with the name and address of the original creditor. This omission by Defendant violated 15 U.S.C. § 1692g.

29. Because this omission violated the language in 15 U.S.C. § 1692g, Defendant also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692g.

30. This initial communication to Plaintiffs by Defendant included a written notice, the language of which overshadowed, weakened, and failed to comply with, the notice required by 15 U.S.C. § 1692g(a), as well as Cal. Civ. Code 1788.17 as it incorporates 15 U.S.C. § 1692g(a), because it attempted to limit the rights available to Plaintiffs in a manner that creates a contradiction would confuse the least sophisticated consumer into disregarding his or her rights pursuant to the validation notice required in 15 U.S.C. § 1692g by stating,

"Please forward a CASHIER'S CHECK OR MONEY ORDER to our office by the close of business on April 02, 2011."

31. The deadline imposed by Defendant requires payment before the completion of Plaintiff's thirty day period to dispute the debt.

32. Subsequently, but within the thirty-day period described in 15 U.S.C. § 1692(a), Plaintiffs notified Defendant in writing, that this alleged debt, or some portion of it, was disputed.

33. Defendant failed to properly respond to Plaintiffs' dispute.

34. Defendant continued emailing and calling Plaintiffs in an attempt to collect the alleged debt.

35. By communicating with Plaintiffs before validating the debt, as required pursuant to 15 U.S.C. § 1692g(b), Defendant violated 15 U.S.C. § 1692g. Because this communication did not comply with 15 U.S.C. § 1692g, this communication also violated Cal. Civ. Code § 1788.17.

36. Plaintiffs have made several attempts to pay the undisputed portion of the alleged debt; however, Defendant has returned Plaintiffs payments, and refuses to accept payment towards the undisputed amount.

37. Defendant failed to apply such payment in accordance with Plaintiff's directions. This omission by Defendant violated 15 U.S.C. § 1692h.

38. Plaintiffs are informed and believe that Defendant is refusing to accept Plaintiffs' payment so the alleged debt can increase to a certain dollar amount that allows Defendant to attempt to foreclose on Plaintiffs' property.

39. This conduct was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10), and because this action violated the language in 15 U.S.C. §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17.

40. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

41. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

42. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

43. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

44. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

45. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

46. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

47. As a result of each and every violation of the Rosenthal Act, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

48. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Respectfully submitted,

                                  **Hyde & Swigart**

Date: August 2, 2011                      By:_____
                                                  Joshua B. Swigart
                                                  Attorneys for Plaintiffs

HYDE & SWIGART
Phoenix, Arizona